IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Maria A. De Los Angeles Garcia-Flores, | : | |
|    Petitioner/Defendant, | : | Civil Action No. 12-369-WS |
| v. | : | Criminal No. 3-221-WS-C |
| United States of America, | : | |
|    Respondent. | : | |

## REPORT AND RECOMMENDATION

Pending before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, are two motions filed by the petitioner, a federal prison inmate proceeding *pro se*—a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 140), docketed May 29, 2012, and a motion that has been construed as a motion to amend the § 2255 petition (Doc. 144), docketed July 6, 2012. For the reasons set forth herein, it is **RECOMMENDED** that both motions be **DENIED**.[1]

## Background

Because the Eleventh Circuit's judgment affirming the petitioner's resentencing by this Court occurred more than four years prior to the filing of the § 2255 petition,[2] and because the petitioner has not presented a valid reason to extend the AEDPA's

---

[1] Because the undersigned recommends that the initial motion be denied as time-barred or, alternatively, because this Court lacks jurisdiction to hear it, any motion construed as a motion to amend the initial petition should be denied as futile.

[2] Although the Eleventh Circuit affirmed the petitioner's convictions for conspiracy to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and failure to appear in court, and affirmed her sentence for failure to appear in court, the court of appeals vacated her drug trafficking sentences and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Garcia-Flores*, 270 Fed. App'x 935, 935 (11th Cir. Mar. 26, 2008) (per curiam). Judge Steele resentenced the petitioner on August 29, 2007 (*see* Doc. 130, tr.), and on March 26, 2008, the Eleventh Circuit ultimately granted her appellate counsel's motion to withdraw, supported by an *Anders* brief, and affirmed the petitioner's resentencing. *See Garcia-Flores*, 270 Fed. App'x at 935.

usual one-year limitations period, the particulars of the underlying criminal action have little impact on the collateral motions now before the Court. As such, the undersigned will focus on the procedural history of this collateral attack.

The § 2255 petition (Doc. 140), which the petitioner submitted as a four-page motion on May 14, 2012, asserts a single ground for relief—that the petitioner was prejudiced by her counsel's advice not to accept a plea bargain:

> Defendant was offered a plea bargain of 120 months but based on the advice of counsel, turned down the offer with the understanding that the case could not be proven and that she could and would not be convicted of the crimes charged. Defendant was subsequently sentenced to 192 months in prison after fleeing prior to sentencing because she feared incarceration at her advanced age.
>
> As in [*Lafler v. Cooper*, ___ U.S. ____, 132 S. Ct. 1376 (2012)], Defendant was willing to accept the plea but for the advice of counsel and ended up going to trial on a case in which counsel presented no defense to rebut the prosecution witnesses evidence to exculpate the Defendant. This advice and action by counsel severely prejudiced the Defendant in that she received longer sentence that that which would have been imposed had she accepted the plea bargain.

(*Id.* at 1.)

On June 5, 2012, because the petitioner failed to submit her motion to vacate on the form this Court requires (AO 243), the undersigned ordered the petitioner to refile using the proper form no later than July 5, 2012. (*See* Doc. 141.) Instead, on June 18, 2012, the Court received a "Motion to Clarify Propriety of Transfer" (Doc. 142), in which the petitioner informs the Court that, among other things, she "would like for [this C]ourt to understand that her complaint is one that deals with her imprisonment [at a federal facility located in the Northern District of Texas] and not one seeking relief in her criminal case." (*Id.* at 1.) In response, the undersigned, on June 22, 2012, issued an endorsed order (Doc. 143) granting the petitioner's motion to clarify and explaining,

> After an investigation of this Court's records and those kept in the Northern District of Texas, it is determined that the defendant is confused

      about the type of action pending in this Court. The habeas corpus petition filed in the Northern District of Texas, Dallas Division, pursuant to 28 USC section 2241, remains pending but in a different division of the Northern District of Texas. It was originally filed in the Dallas Division of the Northern District of Texas but was transferred within that district on May 10, 2012 to the Fort Worth Division because the petitioner is incarcerated in Tarrant County, Texas. That action has not been transferred into this District. However, a pro se motion to vacate the defendant's sentence was filed in this Court on May 29, 2012 (Doc. 140). Since it was not filed on the form required by this Court, defendant was ordered, on June 5, 2012, to complete a form motion required in such cases and directed to file her superseding motion by July 5, 2012. (Doc. 141) Thus, the defendant has two actions pending, one for habeas corpus relief in the Northern District of Texas, Fort Worth Division, where she is incarcerated and the other in this Court seeking to have her sentence vacated based on recent Supreme Court precedent.

(*Id.*)

      An amended motion to vacate on the proper form (Doc. 144) was placed in the prison mailing system by the petitioner on July 1, 2012 (*see id.* at 14) and received by the Court on July 6, 2012. Therein the petitioner presents no ground for relief, but does confirm that, in addition to her direct appeal, she filed an action pursuant to 28 U.S.C. § 2241 in the Northern District of Texas on May 4, 2012. (*Id.* at 2.) She also provides the case number #3:12-CV-1399-O-BH and indicates that the case was "transfer[ed] to sentencing court" on May 10, 2012. (*Id.* at 2-3.)[3]

---

[3] But, as the undersigned indicated previously (*see* Doc. 143), the petitioner's § 2241 action, brought against, among others, the warden of Federal Medical Center ("FMC") Carswell pursuant to a "Petition for Relief Pursuant to § 2241," was not transferred to this—the sentencing—Court; it was instead transferred from the Dallas Division of the Northern District of Texas to the Fort Worth Division of that District, by United States Magistrate Judge Irma Carrillo Ramirez on May 10, 2012, and the case number was changed from 3:12-cv-01399-O to 4:12-cv-00294-A. The petitioner has, in fact, attached a copy of that transfer order to the latest (as of the date of this R&R) motion she filed in the Northern District of Texas, a "Motion to Clarify Status of Case # 4:12-CV-294," filed on August 22, 2012, in which the petitioner seeks "an order of transfer to the petitioner's sentencing court" and dismissal of her action from the docket of the Northern District of Texas. (*See* Doc. 13, 4:12-cv-00294-A, N.D. Tex., Fort Worth Div.)

## Analysis

Rule 4 of the Rules Governing Section 2255 Cases, in pertinent part, provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254 counterpart, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *See Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) (per curiam) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases . . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.'"), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."); *see also Emerson v. United States*, No. Civ.A. 6:03-CV-030-C, 2004 WL 743914, at *1 (N.D. Tex. Apr. 7, 2004) ("Respondent United States of America [ ] has not filed an answer, but the Court has reviewed Emerson's pleadings and finds that his petition should be denied. *See* Rule 4 of the Rules Governing Section 2254 Cases . . . and Rule 4(b) [,] Rules Governing Section 2255 Proceedings[.]"); *United States v. Gray*, No.

TCR 88-04060, TCR 93-40156-WS, 1996 WL 228461, at *16 (N.D. Fla. Apr. 24, 1996) ("Finally, Judge Coffin noted [in concurring in part and dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir .1988)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

As set forth below, this matter is due to be dismissed pursuant to Rule 4 for two separate reasons.

> ***1.    To the extent the petitioner's has filed a motion to vacate pursuant to § 2255, her motion is due to be dismissed as time-barred.***

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This § 2255 petition fails to explicitly explain which provision of § 2255(f) its timeliness should be measured under, but, by invoking "the recent Supreme Court rulings in *Missouri v. Frye* . . . and *Lafler v. Cooper* . . . " (Doc. 140 at 1), it appears that the petitioner is requesting that this Court calculate the timeliness of her motion under § 2255(f)(3). The problem with this request, however, is that the Eleventh Circuit has determined that neither Supreme Court decision announces a newly recognized right that has also been "made retroactively applicable to cases on collateral review." § 2255(f)(3). Instead, in *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), "the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under [*Strickland*] extends to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. May 25, 2012) (per curiam).

> [And, although] the Supreme Court did not directly address whether its holdings announced new rules of constitutional law or applied retroactively[, the Eleventh Circuit is] persuaded[ ] that *Frye* and *Lafler* did not announce new rules. To begin, the Supreme Court's language in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context. *See Frye*, 132 S. Ct. at 1409 (noting that its discussion involved an "application of *Strickland* to the instances of an uncommunicated, lapsed plea"); *Lafler*, 132 S. Ct. at 1384 (noting that "[t]he question for this Court is how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial"). The Court has long recognized that *Strickland*'s two-part standard applies to "ineffective assistance of counsel claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *see also Frye*, 132 S.Ct. at 1405 (recognizing that *Hill* "established" that *Strickland* applies to ineffectiveness claims in the plea bargaining context). The Court has also said that *Strickland* itself clearly establishes Supreme Court precedent for evaluating ineffective assistance of counsel claims under AEDPA. Because we cannot say that either *Lafler* or *Frye* "breaks new ground or imposes a new obligation on the State or Federal Government," they did not announce new rules. *Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion). Put another way, *Lafler* and *Frye* are not new rules because they were dictated by *Strickland*. *See id.* ("To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."). As a result, Perez's

6

> first claim does not meet the statutory criteria because Lafler and Frye did not announce new rules. *See* 28 U.S.C. § 2255(h)(2).[4]

*Id.* at 932-33 (internal citations modified and footnote omitted); *see also Hare v. United States*, ___ F.3d ___, 2012 WL 3156329, at *1 (7th Cir. Aug. 6, 2012) ("The *Frye* Court merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*[] . . . and established in the plea-bargaining context in *Hill v. Lockhart*[.]"); *United States v. Tew*, Nos. 7:08CR00053–003, 7:12CV80437, 2012 WL 2236662, at *2 (W.D. Va. June 15, 2012) (Neither *Lafler* nor *Frye* "triggers calculation of Tew's filing period under § 2255(f)(3)[ ].  The two Supreme Court decisions did not recognize any new rights for criminal defendants; these decisions merely applied the well-established rule in *Hill v. Lockhart*, 474 U.S. 52 (1985) that a claim of ineffective assistance regarding plea bargaining requires a showing that but for counsel's deficient representation at that stage of the proceedings, the outcome of the plea process would have been different."); *Perez*, 682 F.3d at 933-34 (observing that the fact the cases were decided in the post-conviction context eliminates any doubt that they announced new rules).

Therefore, the timeliness of the petition must be calculated under § 2255(f)(1) based upon the date on which her conviction became final.

---

[4] The limitations imposed by §§ 2255(h)(2) and 2255(f)(3) are obviously similar, but, as some courts have observed "[t]he interplay between these two sections appears to mean that for defendants who seek to file a second or successive petition based upon a 'newly recognized right,' the right must have been newly recognized ***and*** made retroactively applicable by the Supreme Court within a year." *United States v. Cobb*, No. CR 3:04-171-CMC, 2008 WL 3166118, at *2 (D.S.C. Aug. 4, 2008) (emphasis in original); *see also Frederick v. United States*, No. 08-22143-CV, 2009 WL 2488965, at *9 n.13 (S.D. Fla. Aug. 12, 2009) (same).  However, that distinction, or any other, is immaterial for purposes of the Court's present review.

Ordinarily, a criminal conviction will become final upon conclusion of direct review.  *See, e.g.*, *Jackson v. Secretary for Dep't of Corrections*, 292 F.3d 1347, 1348 (11th Cir. 2002)

> If a federal criminal defendant takes a direct appeal to the court of appeals, his or her judgment of conviction will become final for the purposes of § 2255(f)(1) upon the expiration of the 90-day period in which the defendant could have filed a petition for certiorari to the U.S. Supreme Court regardless of whether such a petition is or is not filed.

*Gooch v. United States*, Criminal Action No. 3:08-CR-34-H; Civil Action No. 3:09-CV-983-H, 2010 WL 5507043, at *2 (W.D. Ky. Dec. 6, 2010) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).  Consequently, because the Eleventh Circuit's judgment affirming the petitioner's aggregate sentence was filed March 26, 2008 (*see* Doc. 135; *United States v. Garcia-Flores*, 270 Fed. App'x 935 (11th Cir. Mar. 26, 2008) (per curiam)) and because the petitioner did not file a petition for certiorari, the petitioner had until June 24, 2009 to timely file a collateral attack pursuant to § 2255(f)(1).[5]  Because the petitioner did not submit this motion until May 14, 2012 (*see* Doc. 140 at 3-4), ***over 1,000 days after the one-year limitation period expired,*** this Court cannot reach the merits of the petitioner's claims unless she is entitled to equitable tolling.  *See Stewart v. United States*, No. 5:01-CR-00049 (CAR), 2009 WL 3418154, at *3 (M.D. Ga. Oct. 15, 2009) ("In the absence of due diligence, the statute of limitations began to run when Petitioner's conviction became final on May 13, 2003, pursuant to 28 U.S.C. § 2255(f)(1), measured by 90 days from February 12, 2003, when judgment was filed in the Court of Appeals.  Thus, Petitioner

---

[5] Unlike a sentencing adjustment pursuant to § 3582, a *de novo* resentencing after Eleventh Circuit remand restarts the § 2255(f)(1) clock.  *See, e.g.*, *Williams v. United States*, Nos. CV410–238, CR406–128, 2010 WL 4638906, at *1 & n.2 (S.D. Ga. Oct. 19, 2010), *report & recommendation adopted*, 2010 WL 4638901 (S.D. Ga. Nov. 4, 2010); *cf. Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (noting that "'[f]inal judgment in a criminal case means sentence.  The sentence is the judgment.'") (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).

8

had until May 13, 2004, to file any motions pursuant to 28 U.S.C. § 2255, whether initial or successive.") (citations omitted).

Regarding equitable tolling, the Supreme Court reiterated in *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549 (2010), that "a petitioner is entitled to [it] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2562 (citation and internal quotation marks omitted). Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The **petitioner has the burden** of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd*, 544 U.S. 295 (2005); *Diaz v. Secretary for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be

9

entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence .'").

In this case, petitioner has not raised a tolling argument, and thus has not established that the instant habeas corpus petition was timely filed, nor has she established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period.  *Johnson*, 340 F.3d at 1226; *Jones*, 304 F.3d at 1040; *see Johnson v. Fla. Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, 555 U.S. 851 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") (quoting *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004)). Accordingly, in the undersigned's opinion this is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.  *Johnson*, 340 F.3d at 1226.

> **2.** *To the extent the petitioner's has filed a motion pursuant to § 2241, because the petitioner is incarcerated in a federal facility located in the Northern District of Texas, this Court lacks jurisdiction to entertain such a motion.*

Although the petitioner initially filed in this Court a motion ostensibly seeking relief pursuant to § 2255—which, as explained above, is untimely—when the Court requested that she refile the *same* motion on the proper form, part of her response was that she "would like for [this C]ourt to understand that her complaint is one that deals with her imprisonment [at a federal facility located in the Northern District of Texas] and not one seeking relief in her criminal case."  (Doc. 142 at 1.)

> [While, s]ection 2255 is properly invoked to challenge the validity of a defendant's sentence[,] challenges to the execution of a defendant's sentence, i.e., how the defendant's sentence is calculated and *carried out* by the Bureau of Prisons, must be raised in a § 2241 petition, brought against the custodian of the institution where the defendant is incarcerated.  Section 2255 petitions are heard by the sentencing court, while *§ 2241 petitions must be filed in the judicial district where the defendant is incarcerated*.

*United States v. Zwick*, Criminal No. 07–425; Civil No. 10–1449, 2011 WL 666182, at *6 (W.D. Pa. Feb. 14, 2011) (internal citations and footnote omitted and emphasis added); *see also Rivera v. Killian*, No. 08 Civ. 00405(DC), 2008 WL 1990093, at *1 (S.D.N.Y. May 8, 2008) ("This matter is properly before the Court as a § 2241 petition, for "[a] challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241.'" (quoting *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (emphasis in original))).

Accordingly, any request to have the § 2241 matter pending in the Northern District of Texas transferred to this Court (*see, e.g.,* Doc. 13, 4:12-cv-00294-A, N.D. Tex. (requesting "an order of transfer to the petitioner's sentencing court" and dismissal of her action from the docket of the Northern District of Texas)) is without merit because this Court, simply, lacks jurisdiction over that matter.  *See* 28 U.S.C. § 2241(a) (at the district-court level, the power to grant a writ of habeas corpus is limited to "the district courts . . . within their respective jurisdiction"); *see, e.g., United States v. Morgan*, 305 Fed. App'x 61, 62 (4th Cir. Dec. 12, 2008) (per curiam) ("A § 2241 petition[ ] must be brought in the district of incarceration.  *See* 28 U.S.C. § 2241(a); *In re: Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  Morgan is incarcerated at the Federal Correctional Institution in Butner, North Carolina, which lies in the Eastern District of North Carolina.  *See* 28 U.S.C. § 113(a) (2000).  The district court in the Western District of Virginia therefore does not have jurisdiction over this § 2241 proceeding."); *Bell v. United States*, 48 F.3d 1042, 1043-

11

44 (8th Cir. 1995) ("As the district court recognized [ ], it lacked subject matter jurisdiction to hear his petition because Bell was not incarcerated in the Eastern District of Missouri. If he chooses to file a section 2241(a) petition, Bell must do so in a court with jurisdiction over his present custodian. At the time of Bell's petition, he was serving his sentence at the Federal Correctional Institute in Memphis, Tennessee.") (internal citations omitted).[6]

---

[6] However, to ensure that all i's are dotted and t's crossed, the undersigned further notes that § 2255's "savings clause" (§ 2255(e)) does not permit the petitioner to file a habeas petition pursuant to § 2241 in this Court. *See generally Clark v. Augistine*, 346 Fed. App'x 383 (11th Cir. Aug. 7, 2009) (per curiam). Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* "Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." *Clark*, 346 Fed. App'x at 385 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

> We have established that the savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In order for a prisoner to avail herself of the § 2241 remedy under *Wofford*, all three criteria must be satisfied. A petitioner may not argue the merits of her claim until she has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to her claim. *Id.* at 1244 n. 3.

*Id.* As discussed above, the petitioner cannot meet the first *Wofford* requirement. She has not demonstrated that her claim for ineffective assistance of counsel, explicitly made pursuant to *Frye* and *Lafler*, is based on a retroactively applicable Supreme Court decision. *See Ramiro v. Vasquez*, 210 Fed. App'x 901, 904 (11th Cir. Dec. 13, 2006) (per curiam) ("Ramiro is precluded from seeking relief under § 2241 because the savings clause of § 2255 does not apply. He cannot meet the initial prong of the test in Wofford because he has not demonstrated that his claim is based on a retroactively applicable Supreme Court decision.") (citations omitted).

12

### 3. *The petitioner is not entitled to a certificate of appealability.*

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as it is clear that (1) any claim for relief made pursuant to § 2255 is time-barred and (2) this Court lacks jurisdiction to entertain any claim for relief pursuant to § 2241, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.  *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (*see* Doc. 14 in CA 11–0165–WS–C)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that this matter be dismissed as time-barred or, alternatively, because the Court lacks jurisdiction and **FURTHER RECOMMENDS** that the Court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 6th day of September, 2012.

s/WILLIAM E. CASSADY  
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).[1]  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]   All Fifth Circuit Unit B decisions from any date are binding precedent in the Eleventh Circuit.  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[2]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).